# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> V. <br> **ARTHUR TRINIDAD OWENS** | **ORDER OF DETENTION PENDING TRIAL** <br><br> Case Number: 1:05-CR-254 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
  - ☐ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has a criminal history as well as a previous history of substance abuse. He was hospitalized in the mid 1990's fo congestive heart failure and claims to have a continuing heart problem. Presentence reports prepared by the Michigan Department of Corrections in 1997 indicate that defendant was a member of a gang while living in California and was involved in gang warfare there. His previous criminal history indicates one bond violation for consuming alcohol, and states that defendant was arrested for having stolen weapons in his home while he was on electronic monitoring following his release from jail for a drug offense. It was also suspected at that time that the defendant (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community or the presence of the defendant in court based upon the unrebutted presumption that arises in this case. It does not appear from defendant's criminal history that he i particularly amenable to supervision while on bond, in light of his conviction for receiving and concealing stolen weapons whil on electronic tether. While this fact might not be enough to detain defendant by itself, (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: December 1, 2005 | /s/ Hugh W. Brenneman, Jr. |
| | *Signature of Judicial Officer* |
| | Hugh W. Brenneman, United States Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a)

United States v. Arthur Trinidad Owens
1:05-CR-254
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

>was associating with members of a gang in Ionia, Michigan. Defendant's possession of weapons led to a subsequent conviction for receiving and concealing firearms.

**Part II - Written Statement of Reasons for Detention** - (continued)

defendant has failed to rebut the presumption in this case which arises even in the absence of any criminal history.