UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR TRINIDAD OWENS,

        Petitioner,                          Case No. 1:08-CV-807
                                                (Criminal Case No. 1:05:CR:254-03)
v.

UNITED STATES OF AMERICA,             HON. GORDON J. QUIST

        Respondent.
_____/

**OPINION**

The Court has before it a petition for writ of mandamus filed by Arthur Trinidad Owens ("Owens"), a federal prisoner currently incarcerated at FCI Fort Dix. Owens was indicted in this district in a multiple count Second Superseding Indictment. He pled guilty before Honorable Paul D. Borman, Visiting Judge, to charges of conspiracy to distribute 50 grams or more of crack cocaine, a quantity of cocaine, and less than 50 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1), 846; possession of a firearm by a felon, 18 U.S.C. § 922(g)(1); and conspiracy to possess firearms in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(o). On September 18, 2006, Judge Borman sentenced Owens to 215 months. Owens did not appeal. However, on October 11, 2006, Owens filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. United States Magistrate Judge Joseph G. Scoville issued a report and recommendation on February 1, 2007, that Owens' § 2255 motion be denied, and Judge Borman adopted it on April 4, 2007.

Owens filed the instant petition for a writ of mandamus on August 26, 2008, in which he requests that the Court direct the United States Probation Office for the Western District of Michigan to amend the nature of a prior state criminal offense in his presentence investigation report (PSIR). In particular, Owens contends that the PSIR should be amended to reflect that a 1993

Felony Firearms offense was actually reduced to a non-violent misdemeanor offense of Malicious Destruction of Personal Property of $100.00 or less, to which Owens pled guilty. Although Owens does not assert that the allegedly inaccurate information in the PSIR affects his sentence in any manner, he claims that the Bureau of Prisons has relied upon this inaccurate information depicting a violent criminal history. As a consequence, he asserts, he has been assigned a higher security classification, been denied various benefits, such as participation in the Residential Drug and Alcohol Program and receipt of Second Chance Act benefits, cannot be housed in a lower security facility, and will receive minimal halfway house time. Owens suggests that he will be eligible for these benefits and more favorable treatment once the Probation Department amends the PSIR to reflect the non-violent nature of the 1993 offense.

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The writ of mandamus is an extraordinary remedy and will issue only when the petitioner can demonstrate that: (1) he has a clear right to relief; (2) the defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *Heckler v. Ringer*, 466 U.S. 602, 616-17, 104 S. Ct. 2013, 2022 (1984). Owens' request for mandamus relief fails upon the grounds that he has neither demonstrated a clear right to relief, nor has he shown that the probation officer who prepared the PSIR has a non-discretionary duty to amend the PSIR.

Rule 32(d) of the Federal Rules of Criminal Procedure addresses the contents of a presentence report. In addition to providing a calculation of the defendant's offense level and criminal history category, the rule directs the probation officer to include additional information, including "any prior criminal record" and "any circumstances affecting the defendant's behavior that

may be helpful in imposing sentence or in correctional treatment." Fed. R. Crim. P. 32(d)(2)(A)(i) and (iii). Rule 32 does not define "criminal record," but it "is defined broadly in other contexts to include not only convictions, but also records of arrest and indictments and other formal criminal charges, regardless of their disposition." *United States v. Davis*, 233 F. App'x 944, 946 (11th Cir. 2007). Owens complains about the accuracy of a 1993 conviction in the PSIR, but, contrary to his assertion, the PSIR accurately reflects that the 1993 offense was a misdemeanor conviction for Malicious Destruction of Property. The probation officer also included details surrounding this offense, which show that Owens entered a house, pulled a gun and threatened to kill the residents if they did not tell him where his girlfriend was, and hit a man on the side of the head with a gun. Owens does not argue that *this* information was false or inaccurate in any manner, and this is precisely the type of information the probation officer was required to include in the PSIR, even though Owens pled guilty to a less serious offense. Thus, Owens has not shown that the probation officer owes any duty to Owens to alter or amend the PSIR to delete this information.

"It is well established that a defendant has a due process right not be sentenced on the basis of information that is materially false, and that that right is protected by affording the defendant notice of an opportunity to respond to information on which the court intends to rely in imposing sentence." *Hill v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998) (citing *Townsend v. Burke*, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255 (1948)). Accordingly, Rule 32 protects a defendant's due process rights by giving the defendant an opportunity to object in writing to any inaccurate information in the presentence report and by requiring the district court to make findings regarding any disputed portions of the presentence report. Fed. R. Crim. P. 32(f), (i); *Davis*, 233 F. App'x at 946. In this case, Owens was given all the process he was due when he was given an opportunity, both before and during sentencing, to object to the information in the PSIR. In fact, his attorney filed objections

to the initial report, as well as a motion for specific performance of the prosecutor's promises leading to Owens' plea. However, Owens never disputed the factual accuracy of the information surrounding the 1993 conviction at or prior to sentencing. Moreover, he did not assert the accuracy of that information in his § 2255 motion, nor does he do so here. Owens thus fails to demonstrate that he has a clear right to the relief he seeks.

Finally, Owens has filed what the Court construes as a motion to abate the filing fee that was assessed when his petition for writ of mandamus was opened as a separate civil action. Owens states that he did not intend his petition to result in the filing of a civil suit, but instead he intended it to be filed in his criminal case in order to seek amendment of the PSIR. He therefore requests that the Court relieve him of any obligation to pay the filing fee.

Having reviewed Owens' petition and related papers, the Court concludes that Owens should be relieved of the filing fee because he intended that his petition be filed in his criminal case, not that a new civil case be filed. That is, Owens included the case number of his criminal case in the caption of his petition, suggesting that he believed that it could be submitted as a part of the criminal case. Relieving Owens of the filing fee in this instance is appropriate because he could have requested the same relief through a motion to amend the PSIR (as opposed to a writ of mandamus), which would have been filed in his criminal case. Accordingly, the Court will instruct the Clerk to close the civil case; file Owens' petition, this Opinion and the accompanying Order in the criminal case; and relieve Owens of his obligation for the civil filing fee in this case.

An Order consistent with this Opinion will be entered.

Dated: November 20, 2008                         /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE